**XING YUN WANG, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, United States Attorney General Michael B. Mukasey,[1] Respondents.**

**No. 07–2531–ag.**

United States Court of Appeals, Second Circuit.

Jan. 25, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

David A. Bredin, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; David V. Bernal, Assistant Director; Ana T. Zablah–Monroe, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Xing Yun Wang, a citizen of the People's Republic of China, seeks review of a May 17, 2007 order of the BIA affirming the December 12, 2005 decision of Immigration Judge ("IJ") William Van Wyke denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xing Yun Wang,* No. A 78

746 421 (B.I.A. May 17, 2007), *aff'g* No. A 78 746 421 (Immig. Ct. N.Y. City, Dec. 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ As an initial matter, by failing to raise relevant arguments in his brief to this Court, Wang has waived any challenge to the agency's denial of his claim that he fears persecution because he intends to have more than one child while in the United States. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005).

■ We find the agency's adverse credibility determination to be supported by substantial evidence based on the following findings: (1) Wang submitted a fabricated letter purporting to be from his wife and a fabricated "marriage and birth contract for unmarried youth"; (2) he submitted a marriage certificate which was of questionable authenticity; (3) his testimony regarding when his wife became pregnant was incon-

sistent with his asylum application and his wife's letter; and (4) in light of the these fabricated documents, the certificate Wang submitted as evidence that his wife had been subjected to a forcible abortion was not entitled to any evidentiary weight.

The IJ properly based his adverse credibility determination on Wang's submission of documents which were fabricated or of questionable authenticity. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (relying on the maxim *falsus in uno, falsus in omnibus* to find that once an IJ concludes that a document is false, he is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity"). Further, Wang's inconsistent testimony about when his wife became pregnant was plainly central to his claims for relief because it called into question his assertion that he was married and that his wife became pregnant and was subjected to a forcible abortion.

■ To the extent the IJ may have made some errors in his analysis of Wang's credibility, remand would be futile because, based on the properly-made findings outlined above, it can be "confidently predict[ed]" that the IJ would reach the same decision on remand. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006) (internal quotation marks omitted). The IJ's adverse credibility determination was amply supported by his findings regarding the fabricated documents Wang submitted and specific examples of inconsistencies that were material to Wang's claims. *Zhou Yun Zhang,* 386 F.3d at 74. Accordingly, the IJ properly found that Wang failed to meet the burden of proof required for asylum, withholding of removal, and relief under the CAT to the extent that each of his claims was based upon the same factual predicate.

*See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

■ In addition, substantial evidence supports the agency's determination that Wang failed to establish eligibility for relief under the CAT based on his illegal departure from China. This Court has held that the agency does not err in finding that a petitioner is not "entitled to CAT protection based *solely* on the fact that she is part of the large class of persons who have illegally departed China." *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005). While "conced[ing] that there is a risk that any individual detainee in China may be subjected to repressive conditions in prison," we have held that this generalized risk alone did not suffice to carry the burden of demonstrating that a petitioner was more likely than not to be tortured if repatriated to China. *Id.* at 160; *see also Pierre v. Gonzales,* 502 F.3d 109, 116–19 (2d Cir. 2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).